Per tot. Cur,
(present, the Chief Justice, and Judges Burke and Bat.)
The plaintiff ought not to recover in this action. The law is clear, that every person who takes an assignment of a bond, must take it subject to all the equity and rules of law, to which it would have been liable and subject, in the hands of the obligee. The promise of payment to the assignee, (if any evidence of it had been permitted to have been given,) would not have altered the case. It could not have been of so high a nature, being only parol, as the deed under seal, to the obligee ; which being given to secure a valuable purchase, and the consideration failing, the deed itself failed with it. Besides, the present action was not founded on the defendant’s promise to *213 M’lVhann, but on the bond given to Da Costa: he therefore, does not come in under his own right, but in right of Da Costa, as assignee. That being the case, therefore, he can have no greater right than Da Costa had — -and his right failing, there ought not to be a recovery in the present case. Loft. 319. Fern. 428. 1 Bac. 157.*

 No B. Since the determination of the above case, an act of the legislature of this state has enabled the assignee of a bond or note, &c. to bring an action in his own name ; subject, however, to all the rules of equity, See, a& if it had remained in the hands of the original obligee.